GEORGE HOBBS *vs.* HENRY D. STONE.

The defendant in an action of contract, who relies in defence upon a discharge in insolvency which the plaintiff alleges to be invalid, by reason of various acts done by the defendant in violation of the insolvent laws, cannot refuse to answer interrogatories put to him by the plaintiff, under Gen. Sts. *c.* 129, § 46, for the purpose of discovering facts to invalidate the discharge, on the ground that the answers, if made, would tend to criminate him, unless he makes a statement to that effect under oath; or that the facts sought for are not material to the support of the suit; or that they would invalidate the discharge; or that the interrogatories are in effect an examination of an insolvent debtor in a manner unauthorized by law.

CONTRACT, brought in the superior court. The defendant in his answer relied upon a discharge in insolvency. The plaintiff replied, alleging that the discharge was invalid, by reason of various acts done by the defendant in violation of the insolvent laws. The plaintiff filed a long list of interrogatories, under Gen. Sts. *c.* 129, § 46, to be answered by the defendant on oath, relating to the matters set forth in the replication. The defendant declined to answer the same, and filed a statement of his reasons therefor, as follows:

1. Because they are for the discovery of facts and documents not material to the support of the plaintiff's suit; or if material, the defendant is not required to answer them by reason of the provisions of Gen. Sts. *c.* 129, § 53.

2. Because they are for the discovery of facts which are alone material to the defendant's case.

3. Because they are for the discovery of facts which, if material to the plaintiff's case, create a forfeiture of the defendant's discharge.

4. Because they are in effect an examination of an insolvent debtor in a manner unauthorized by law.

The plaintiff moved for a default, which *Brigham*, J. ordered and the defendant alleged exceptions.

*H. D. Stone, pro se.*

*G. F. Hoar,* for the plaintiff.

DEWEY, J. 1. The objection taken by the defendant, that the answering of the interrogatories filed by the plaintiff would tend to criminate him, is not sustained by any facts yet apparent, and must be verified by an answer to that effect under oath, where a party declines to answer for that reason. The statute provision relied upon by the defendant, as furnishing the justification for his refusal to make answer to these interrogatories, is found in Gen. Sts. *c.* 129, § 53, and is thus: " The party interrogated shall not be obliged to answer a question or produce a document, the answering or producing of which would tend to criminate himself." Whether such answers would or would not tend to criminate the defendant would depend very much upon what those answers should be. It is not sufficient, therefore, for a party interrogated under the statute to say that he declines to answer the same because it would tend to criminate him. It must be shown affirmatively that they would do so. The party must answer under oath that such would be the effect. If he would avail himself of this statute provision as a justification for not making a direct answer to the interrogatories, he must at least take the responsibility of presenting this particular objection by averring the fact under the same solemnity of an oath as a full answer requires. It is to be his answer to the interrogatory.

2. It is urged that these interrogatories ought not to be answered, because they are seeking a discovery of facts which are only material to the defence, and not to establish facts which the plaintiff is bound to prove. The position taken by the defendant is not correct in reference to the duties devolving on the parties, and what is material on the part of the plaintiff. The true rule on this point, as applicable to the present case, seems very fully settled in the cases to which we shall refer. In *Wilson* v. *Webber*, 2 Gray, 559, the general rule in relation to such interrogatories is stated to be, that " each party is to be

confined to those matters which are material to sustain the case which he sets up by his pleadings." But "if a plaintiff, in answer to or avoidance of a defence, should set up any new or distinct matter, it would be competent for him to seek from the defendant a disclosure in support of such new issue." Ib. 561. The case of *Robinson* v. *Hitchcock*, 8 Met. 64, is direct to the point that these facts are material to the plaintiff's case. That was a case where the defendant had pleaded a discharge in insolvency, and in avoidance thereof the plaintiff alleged that the defendant had committed certain frauds, which, under the provisions of the insolvent laws, rendered the certificate of discharge of no avail to the defendant. It was there held that the affirmative clearly devolved upon the plaintiff, and that it was the plaintiff's case that was to be maintained by proof of the alleged facts.

It seems to us that, upon the issue raised between these parties, the defendant was, unless the answers would tend to criminate him, bound to answer such of the plaintiff's interrogatories as were material to support the plaintiff's specifications in avoidance, and there was no legal ground for refusing to answer, upon an assumption that they were for the discovery of facts which are alone material to the defendant's case, and not material to the support of the plaintiff's suit.

3. It is no sufficient reason for refusing to answer these interrogatories, that they are for the discovery of facts, which, if material, would create a forfeiture of the defendant's discharge.

4. The further inquiry is, whether it was a sufficient ground for refusing to answer these interrogatories, that they are in effect an examination of an insolvent debtor upon the question of his right to a discharge, in a manner unauthorized by law.

The legislature might have enacted that the discharge of an insolvent debtor by the court of insolvency should be conclusive, as a bar against his creditors. But having provided in Gen. Sts. *c.* 118, § 88, that certain acts done by him prior to his obtaining a discharge shall render such discharge, if received by him, void and of no effect, they have directly authorized the fullest inquiry and proof as to the same facts which would have been proper

to be shown in objection to the granting of the discharge. The fact that the insolvent himself may be again examined results from the recent change in the law in relation to the competency of the parties to an action as witnesses, and the right of the parties also to propound interrogatories to each other. The effect of these various statute provisions is to open the broadest inquiry upon those subjects which render the discharge void. The plaintiff assumes the burden of avoiding the discharge that has been granted, instead of opposing its being originally granted. The defendant has the benefit of the discharge granted to him, until it is avoided by proof of acts on his part which the statute declares shall render it void and of no effect. The necessary result seems to be, that the defendant had no legal ground for refusing to answer these interrogatories for the fourth cause assigned by him, namely, that " they are in effect an examination of an insolvent debtor in a manner unauthorized by law."

None of the positions taken before the superior court by the defendant are well maintained. We have confined our decision to these points, being those raised by the bill of exceptions.

*Exceptions overruled*